# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KURT NEUMANN,
SAMUEL LLANAS, and
KESHAW, INC.,

                **Plaintiffs,**

  v.

                                                 Case No. 06-C-217

LINDA S. MENSCH,
LINDA S. MENSCH, PC, and
ISBA MUTUAL INSURANCE COMPANY,

                **Defendants.**

## DECISION AND ORDER

      On July 27, 2005, the plaintiffs filed their complaint in Milwaukee state court alleging legal malpractice by the defendants Linda S. Mensch ("Mensch") and her professional corporation. The defendants were served with a copy of the summons and complaint on August 17, 2005, and filed their answer on November 29, 2005, after the state court denied a pending motion to dismiss. On January 27, 2006, the plaintiffs filed their amended complaint, which removed one previously named plaintiff and added a new defendant, ISBA Mutual Insurance Company ("the Insurer"). The Insurer was named as a defendant based on its indemnification obligation for claims brought against Mensch and her corporation. On February 21, 2006, the Insurer filed a petition for removal. Though Mensch and her

professional corporation could have removed the originally-filed action by invoking this Court's diversity jurisdiction, they did not do so. They did, however, join the Insurer's petition for removal. On March 7, 2006, the plaintiffs filed their motion to remand.

Section 1446 of Title 28 of the United States Code sets forth the procedures for removing a case to federal court. Section 1446 provides that a notice of removal must be filed "within thirty days after the receipt by the defendant . . . of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant . . . ." 28 U.S.C. § 1446(b). Section 1446's procedures apply neatly when there is only one defendant to an action or when multiple, originally named defendants are served with process at the same time.

Courts disagree how Section 1446 operates when one defendant has been served with process and another defendant is added or served over 30 days later. *See United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 763 n.4 (9th Cir. 2002). Some courts adhere to the "first-served" rule, which commences the thirty-day time period "when the first defendant has been served." *Auchinleck v. Town of LaGrange*, 167 F. Supp. 2d 1066, 1068 (E.D. Wis. 2001); *see also Brown v. Demco, Inc.*, 792 F.2d 478, 481-82 (5th Cir. 1986). Under this approach, "the failure of any party to file within those thirty days precludes removal for all future defendants." *Auchinleck*, 167 F. Supp. 2d at 1068. The first-served rule derives, in part, from the general requirement that "all defendants must join in a removal petition in order to effect removal." *Prod. Stamping Corp. v. Md. Cas. Co.*, 829 F. Supp. 1074, 1076

2

(E.D. Wis. 1993) (quoting *N. Ill. Gas. Co. v. Airco Indus. Gases*, 676 F.2d 270, 272 (7th Cir. 1982)). Thus, if the first defendant refuses to remove, a later-named or later-served defendant's attempt to remove cannot be unanimous. *Auchinleck*, 167 F. Supp. 2d at 1068.[1] Other courts have adopted the "last-served" rule, which "allows each individual defendant thirty days to file for removal, provided that the other parties consent." *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999); *McKinney v. Bd. of Trs. of Mayland Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992).

This Court previously adopted the first-served rule. In *Auchinleck*, the Court considered both the "first-served" and "last-served" rules. The Court noted that Section 1446's language did not contemplate service among multiple defendants and the Court of Appeals for the Seventh Circuit ("the Seventh Circuit") had not squarely addressed the issue. *Id*. The Court reasoned that "the plaintiff's right to choose his forum is superior to the defendant's right of removal," and concluded that "[t]he first-served rule is more consistent with the plain language of the statute as well as the policy justifications which support the thirty-day removal period." *Id.* at 1069.

The defendants argue that *Auchinleck* is no longer controlling. Various cases compose their position. The defendants point to *Murphy Brothers, Incorporated v. Michetti*

---

[1] The defendants correctly state that *Auchinleck* is factually distinguishable from the present action because, in *Auchinleck*, one of the defendants named in the complaint was served over thirty days after another defendant. All the defendants, however, were named in the original pleading. In the instant case, the plaintiffs filed an amended complaint that added a defendant over thirty days after the defendants to the original complaint had been served. Though *Auchinleck* is factually distinguishable, the defendants have not explained why the Court's legal analysis in that case should not apply in the instant action.

3

*Pipe Stringing, Incorporated*, 526 U.S. 344 (1999) and its application by the Court of Appeals for the Eighth Circuit ("the Eighth Circuit") in *Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P.*, 254 F.3d 753 (8th Cir. 2001). In *Auchinleck*, the Court analyzed these two cases and stated that:

> The Court in *Murphy Bros.* held that the removal statute requires actual service of process before the thirty day period will begin to run. Since a party is not required to take action in litigation until formal service of process, the argument goes, removal rights cannot be forfeited before being brought into litigation. Therefore, the Eighth Circuit concluded that, "if faced with [this issue] today, the Court would allow each defendant thirty days after removal, regardless of when-or if-previously served defendants had filed such notices." *Marano Enterprises*, 254 F.3d at 756. This argument takes *Murphy Bros.* too far and fails to realize the logical effect of the first-served defendant's failure to timely remove. Certainly, formal service of process signals the beginning of the litigation process for the defendant. However, the failure of the first-served defendant to timely remove simply means that removal is impossible for future defendants.

*Auchinleck*, 167 F. Supp. 2d at 1069. Though *Auchinleck* clarified the contours and limits of the holdings in *Murphy Brothers* and *Marano*, the defendants urge the Court to reconsider its position in light of two Seventh Circuit decisions, *Phoenix Container, L.P. v. Sokoloff*, 235 F.3d 352 (7th Cir. 2000) and *Boyd v. Phoenix Funding Corporation*, 366 F.3d 524 (7th Cir. 2004).

*Phoenix Container* addressed the appellate court's jurisdiction over an appellant's claim that the district court had erroneously applied the first-served defendant rule. The defendants believe that dicta in *Phoenix Container* evinces the Seventh Circuit's disapproval of the first-served rule. Specifically, that decision stated that "[f]or reasons mentioned in this

4

opinion's second paragraph, the soundness of the district judge's decision is questionable."

The referenced "second paragraph" states that:

> Florio [the appellant] has filed this appeal to argue that the "first-served defendant rule" is incompatible with § 1446(b). Florio reads "receipt by the defendant" to mean 'receipt by the *removing* defendant" rather than "receipt by *any* defendant", for the latter dispenses with the definite article. On Florio's reading only the removing defendant need meet the time requirement, though all defendants still must agree to the federal forum. He also relies on the holding of *Murphy Brothers* . . . that "receipt . . . through service or otherwise" means receipt through formal service, and not otherwise. If receipt "otherwise" sufficed, the Court concluded, a defendant's time to remove could expire before he became a party. Just so, Florio insists, with the first-served defendant rule, which could-and here did-extinguish a defendant's right to remove before he became a party.

*Phoenix Container*, 235 F.3d at 353-54. This dicta, suggesting that a district judge's reasoning was "questionable," merely states the appellant's reasoning with explicit adoption by the appellate court. Furthermore, *Phoenix Container* concerned whether the Court of Appeals had jurisdiction to hear an appeal from a remand order; the first-served rule was treated only in passing.

In *Boyd*, a litigant filed suit in state court and none of the original defendants to the suit petitioned for removal. However, ten months later, another defendant was named by the plaintiff. That newly-named defendant sought to remove the action to federal court. Ultimately, the federal court dismissed all of the plaintiffs federal claims approximately one and a half years later. The remaining state law claims were remanded.

The *Boyd* Court noted the Supreme Court's emphasis in *Murphy* on the removal rights of defendants. *Boyd*, 366 F.3d at 530. The *Boyd* Court also recognized the Eighth Circuit's

5

decision, in *Marano*, dispatching with the first-served rule in light of *Murphy*. The Seventh Circuit further noted that two leading treatises diverged on the propriety of the first-served rule. *Boyd*, 366 F.3d at 530. Though stating that "whether a later-named defendant can remove an action pending in state court outside of the original thirty-day window is a question of first impression in our court," the Seventh Circuit did not address that issue head on. The Court stated that further factual finding was necessary on remand to the trial court, and it was "therefore premature to try to decide whether [the defendant] was entitled to remove when it did." *Boyd*, 366 F.3d at 531.

The defendants, in the instant action, argue that the Seventh Circuit "implicitly" found the removal petition timely in *Boyd*. (Defs.' Resp. to Pls.' Mot to Remand 4.) The defendants argue that "[h]ad the court approved the first-served defendant rule, there would have been no reason to remand for further findings as to the assignment of the mortgages or the relationship among the various defendants." (*Id.*) Furthermore, "[t]hose questions would simply have been irrelevant, since, under the first-served rule, [the later-served defendant's] removal was untimely." (*Id.*)

The Court does not agree with the defendants' reading of *Boyd*. First, the Seventh Circuit explicitly chose to bypass an analysis of the merits of the first-served rule. Second, the Seventh Circuit ordered the district court to remand the action to state court "[i]f Residential [the last-served defendant] was a *de facto* participant in the litigation from the beginning, or if any other facts suggest that manipulation of the removal process was

6

occurring." *Boyd*, 366 F.3d at 532. If those conditions did not exist, however, it was still possible for the district court to remand based on the first-served rule. Put another way, *if* the district court found that the defendant had been a *de facto* litigant from the start or manipulated the removal process, the action would be remanded without needing to address the first-served rule. Thus the Seventh Circuit's disposition of the appeal neither implicitly accepted the last-served rule nor implicitly rejected the first-served rule.

At least one other court in this circuit has held that *Boyd* does not justify dispensing with the first-served rule. *See Shepp v. Columbia Coll. Chicago*, No. 06 C 1069, 2006 WL 11156387 (N.D. Ill. Apr. 27, 2006). This Court agrees. The defendants have not provided sufficient reason for this Court to deviate from its reasoning in *Auchinleck*. The instant case will be remanded to state court. Only the issue of fees now remains.

The defendants argue that they are "presumptively entitled to an award of fees to reimburse them for the preparation and filing of the motion to remand." (Br. in Supp. of Pls.' Mot to Remand Removed Case 8.) Section 1447 states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447. In *Martin v. Franklin Capital Corporation*, the Supreme Court clarified that

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

7

126 S. Ct. 704, 711 (2005). In the instant case, the positions of both parties clearly find support in the case law. The basis for removal was reasonable, and, therefore, the Court denies fees or costs associated with its remand order.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The plaintiffs' Motion to Remand (Docket No. 11) is **GRANTED**. The clerk of court **SHALL REMAND** this action, originally filed in Milwaukee County Circuit Court in the State of Wisconsin as case number 05CV006248.

The plaintiffs' request for costs and attorneys' fees is **DENIED**.

Dated at Milwaukee, Wisconsin this 14th day of August, 2006.

                                      **BY THE COURT**

                                      s/ Rudolph T. Randa
                                      **Hon. Rudolph T. Randa**
                                      **Chief Judge**